Filed 12/29/25  P. v. Martinez CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>　　　　Plaintiff and Respondent,<br><br>　　　　v.<br><br>MARCO ANTONIO MARTINEZ,<br><br>　　　　Defendant and Appellant. | B340660<br>(Los Angeles County<br>　Super. Ct. No. MA047485) |

APPEAL from a postconviction order of the Superior Court of Los Angeles County, Lisa Strassner.  Dismissed.

Andrea S. Bitar, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant Marco Antonio Martinez appeals from a trial court order denying his freestanding motion for postconviction discovery under the Racial Justice Act (Pen. Code, § 745)[1] and section 1054.9, as well as a subsequent habeas petition seeking the same discovery. Appointed appellate counsel filed a brief raising no issues and requesting that we proceed under *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*). Defendant has filed a supplemental brief. As recognized in the *Delgadillo* and supplemental briefs, defendant does not presently have the right to appeal. We thus dismiss the appeal.

## BACKGROUND

In 2010, defendant was convicted of three counts of oral copulation and/or sexual penetration of a child under the age of 10 (§ 288.7, subd. (b); counts 1–3) and two counts of sexual penetration of a child under the age of 14 by foreign object (§ 289, subd. (j); counts 4–5). Defendant was sentenced to 45 years to life (counts 1–3) plus a concurrent 16-year term (counts 4–5).

In January 2023, defendant filed a motion to obtain discovery materials "in anticipation of filing a petition for writ of habeas corpus" (capitalization omitted) under section 1054.9. The trial court appointed counsel who subsequently requested to take the discovery motion off calendar. The court granted the request.

In June 2024, defendant filed a pro. per. motion seeking an in-camera hearing under *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*), arguing appointed counsel was ineffective for taking

---

[1] All subsequent references to statutes are to the Penal Code.

the discovery motion off calendar.  In August 2024, defendant filed a petition for writ of habeas corpus in the trial court requesting the prosecution "provide more information about arrest and charging practices, sentencing outcomes, and any information that may demonstrate [r]acial bias."  Defendant averred the "statistics data and any information [ ] may demonstrate [r]acial bias evidence" to establish a violation of the RJA.

On August 19, 2024, the trial court issued an order denying defendant's *Marsden* request, habeas petition, and request for discovery.  Regarding his writ petition and discovery request, the court found defendant "mention[ed] the RJA Act but fail[ed] to state any prima facie grounds for relief and brings it up as 'could' be a violation."  Defendant appealed the August 2024 order.

Defendant's appointed appellate counsel filed a brief requesting this court independently review the record for error (see *Delgadillo*, *supra*, 14 Cal.5th at pp. 231–232).  That brief, and defendant's supplemental brief, recognize that the Supreme Court is currently considering "[w]hether appellant has a right to file this appeal."  (See *In re Montgomery* (2024) 104 Cal.App.5th 1062 (*Montgomery*), review granted Dec. 11, 2024, S287339 [considering whether a petitioner must allege a prima facie case for relief under the RJA before the trial court can consider discovery requested under it].)  The supplemental brief does not address RJA allegations and instead suggests this appeal "should be held or denied without prejudice" as he might be entitled to relief after the California Supreme Court decides *Montgomery*.

## DISCUSSION

The RJA "does not authorize a freestanding motion for discovery" like the one defendant filed in June 2024. (*Montgomery*, *supra*, 104 Cal.App.5th at pp. 1071–1072; *People v. Hodge* (2024) 107 Cal.App.5th 985, 1000.)  To the extent defendant challenges the ruling on his habeas petition and request for postconviction discovery, that order is "interlocutory" and must also be dismissed.  (*People v. Serrano* (2024) 106 Cal.App.5th 276, 292, 294, review granted Jan. 15, 2025, S288202.)

Notwithstanding this result, defendant may petition for review in this court if he so chooses.  He may file a new habeas petition in this court and "renew his motion for discovery under the [RJA]."  (*Montgomery*, *supra*, 104 Cal.App.5th at p. 1072.)  He may also challenge the ruling on his postjudgment discovery motion under the RJA by a petition for writ of mandate. (*Serrano*, *supra*, 106 Cal.App.5th at p. 292.)

Consistent with *Montgomery* and *Serrano*, and heeding the Supreme Court's guidance in orders denying review of similar cases, we dismiss this appeal "without prejudice to any relief to which [defendant] might be entitled after [the Supreme Court] decides *Montgomery*."  (*In re Ramirez* (Nov. 25, 2025, S291039) [nonpub. order] [en banc opinion denying review].)  Pending that decision, defendant may, if he so chooses, petition for writ of mandate or habeas corpus in this court.

## DISPOSITION

The postconviction order is dismissed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

                                                   MORI, J.

We concur:


ZUKIN, P. J.



COLLINS, J.